Case 4:21-cv-00396   Document 28   Filed on 05/04/22 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLES MOSELY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-396 |
| | § | |
| **NEWREZ MORTGAGE LLC,** | § | |
| *d/b/a* Shellpoint Mortgage Servicing, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' briefs regarding subject matter jurisdiction, Plaintiff's Motion to Remand (Dkt. No. 22), and Plaintiff's Motion to Strike related evidence (Dkt. No. 26).[1] Based on a thorough review of the pleadings, arguments, and relevant law, the Court **RECOMMENDS** the Motion to Remand be **GRANTED**, the Motion to Strike be **GRANTED IN PART**, and the case be **REMANDED** for lack of subject matter jurisdiction.

**I.   BACKGROUND**

Plaintiff Charles Mosely ("Plaintiff") filed this *pro se* action in the 215th Judicial District of Harris County, Texas alleging Defendant NewRez Mortgage LLC ("Defendant") made negligent misrepresentations regarding his mortgage payments on property located at 3005 Nita Street, Houston, Texas 77051. (Dkt. No. 1-2.) Specifically, Plaintiff asserted Defendant incorrectly determined he did not have required home insurance protection, instituted force-placed insurance that increased the monthly amount due, and refused to accept his subsequent payments. (*Id.* at 8.) According to Plaintiff, Defendant then misled him about its efforts to resolve the dispute and

---

[1] On February 25, 2021, this case was referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 5.)

concealed its intent to pursue a foreclosure proceeding. (*Id.* at 4.) Plaintiff sought a judgment in the amount he was damaged by this misinformation. (*Id.* at 5.)

On February 5, 2021, Defendant removed the case to the Southern District of Texas based on diversity jurisdiction. (Dkt. No. 1.) Plaintiff filed an amended complaint on April 9, 2021. (Dkt. No. 11.) In the amended complaint, Plaintiff drops his negligent misrepresentation claim and instead asserts that Defendant interfered with his tax escrow account, resulting in tax penalties and a lien on the property. (*Id.* at 2.) Plaintiff seeks a "[d]eclaratory judgment on abuse by [Defendant]," an unspecified amount of damages, and "a permanent injunction preventing interference [with] the contract." (*Id.* at 2–3.) Defendant subsequently filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 12.) Upon review of the motion and pleadings, the Court questioned whether diversity jurisdiction exists and particularly whether the amount in controversy exceeded $75,000 at the time of removal. The Court denied the pending motion to dismiss without prejudice and ordered parties to address the issue. (Dkt. No. 20.)

Defendant filed a brief arguing that the amount in controversy should be measured by the value of the property because Plaintiff's original complaint sought an injunction or declaratory judgment to prevent foreclosure. (Dkt. No. 21 at 2–6.) According to Defendant, the property value exceeded $75,000 at the time of removal based on valuations by Zillow ($132,890), Redfin ($97,185), and Realtor.com ($100,000). (*Id.* at 4; *see also* Dkt. No. 1-7.) Defendant also recognizes that the available data from the Harris County Appraisal District on the date of removal valued the property at $72,886, but argues the amount in controversy requirement was still met because Plaintiff sought additional damages for negligent misrepresentation. (Dkt. No. 21 at 4–5; *see also* Dkt. No. 1-7.) Plaintiff responded with several filings, including a Motion to Remand, asserting that he "did not request injunctive foreclosure relief" in his original complaint and that the Harris

County Appraisal District's valuation at the time of removal was actually $30,250 rather than $72,886. (Dkt. No. 24 at 2–3, 7.) Plaintiff also submitted an Appraisal Report by Jones Appraisal Service valuing the property at $32,000 and objects to Defendant's website evidence as hearsay. (*Id.* at 10–40; Dkt. No. 26.) Defendant objects to Plaintiff's evidence as not properly authenticated and asserts that Plaintiff's briefs put at issue its compliance with the Real Estate Settlement Procedures Act, thus invoking federal question jurisdiction. (Dkt. No. 25 at 2.)

The Court finds that Defendant has failed to resolve the jurisdictional issues present in this case despite having ample opportunity to do so. Defendant has not met its burden to demonstrate diversity jurisdiction because it is unclear whether the amount in controversy should be measured by the property value, what that value was at the time of removal, or how damages for negligent misrepresentation would reach the $75,000 threshold. Defendant also has not met its burden to demonstrate federal question jurisdiction because it fails to explain how any documents filed after removal clarify Plaintiff's original claims or why it should be allowed to retroactively assert a new ground for jurisdiction not included in its notice of removal. The Court, therefore, lacks subject matter jurisdiction and the case should be remanded.

II.   **LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). Facts establishing jurisdiction are judged as of the time of removal. *Allen v. R &*

*H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute should be strictly construed and any doubts or ambiguities regarding whether removal was proper should be resolved against federal jurisdiction and in favor of remand. *Id.*; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The court must remand a case if, at any time before final judgment, it appears subject matter jurisdiction does not exist. 28 U.S.C. § 1447(c).

### III. DIVERSITY JURISDICTION

Defendant argues diversity jurisdiction exists because the amount in controversy should be measured by the property value, which exceeded $75,000 at the time of removal. (Dkt. No. 21 at 4–5.) Defendant also argues that, even if the property value was below $75,000, the amount in controversy still exceeded the jurisdictional minimum when reasonable damages for negligent misrepresentation are also considered. (*Id.* at 5–6.) The Court disagrees.

For diversity jurisdiction to exist, the action must be between citizens of different states and involve an amount in controversy over $75,000 excluding interest and costs. 28 U.S.C. § 1332. When the complaint does not allege a specific amount of damages, the party seeking to invoke diversity jurisdiction must prove by a preponderance of the evidence—usually through summary judgment type evidence—that the amount in controversy exceeded $75,000 at the time of removal. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019); *Manguno*, 276 F.3d at 723. The amount in controversy in cases involving property or mortgage disputes is often determined by the property value. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009). However, "this rule only applies where the entire property or loan is the object of the litigation—e.g., where the plaintiff is

seeking declaratory or injunctive relief preventing foreclosure, challenging the validity of the mortgage, or establishing title to the property." *Strong v. Bank of Am.*, No. 14-CV-1027, 2015 WL 13729792, at *3 (N.D. Tex. Apr. 23, 2015); *see Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). In such cases, courts generally use the county appraisal district's market valuation to determine the amount in controversy. *See Dunn v. Midland Mortg.*, No. 13-CV-3516, 2014 WL 683854, at *2–3 (S.D. Tex. Feb. 20, 2014); *Hearn v. Deutsche Bank Nat'l Tr. Co.*, No. 13-CV-2417, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013).

    Defendant has failed to resolve several key issues pertaining to the amount in controversy. First, it is unclear that the amount in controversy in this case should be measured by the property value. Plaintiff's original complaint—the operative pleading at the time of removal—did not seek declaratory or injunctive relief to prevent foreclosure but instead sought monetary damages for negligent misrepresentation. (Dkt. No. 1-2.) Its references to default and foreclosure as factual background do not indicate otherwise or put the entire mortgage at issue in the case, as confirmed by Plaintiff's statement that he did not originally seek injunctive relief. (*See* Dkt. No. 24 at 7.) Plaintiff's amended complaint—which was filed after removal and does seek injunctive relief—is not relevant to the jurisdictional analysis because it does not merely clarify the original complaint. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (explaining courts can look to amended complaints filed after removal to the extent they clarify the claims already alleged and not to the extent they "present new causes of action or theories not raised in the controlling petition filed in state court").[2] Defendant has not shown the entire property or mortgage is the object of the litigation such that the amount in controversy should be measured by the property value.

---

[2] Instead, the amended complaint drops the negligent misrepresentation claim, asserts almost entirely new facts, and adds a claim for contract interference. *See Petroleum Helicopters, Inc. v. Apical Indus., Inc.*, No. 13-CV-15, 2013 WL 2297066, at *6–8 (W.D. La. May 23, 2013)

Second, even if the amount in controversy should be measured by the property value, Defendant has not shown the property value exceeded $75,000 at the time of removal on February 5, 2021. There are several pieces of conflicting evidence before the Court: (1) three commercial websites valuing the property above $75,000 as of February 4, 2021; (2) an Appraisal Report by Jones Appraisal Service valuing the property at $32,000 as of April 2, 2021; and (3) two Harris County Appraisal District market valuations valuing the property at $72,886 as of January 1, 2020 and $30,250 as of January 1, 2021.[3] (*See* Dkt. No. 1-7 at 4–23; Dkt. No. 24 at 10–40.) Plaintiff moves to strike the commercial website and Harris County Appraisal District's valuations as hearsay (Dkt. No. 26), while Defendant objects to the Appraisal Report as not properly authenticated (Dkt. No. 25). The Court addresses each objection in turn.

As to the commercial website valuations, "material pulled from the internet [generally] constitutes hearsay," *Guerrero v. Mambo Seafood #1, Inc.*, No. 19-CV-3059, 2020 WL 10787426, at *4 (S.D. Tex. Oct. 19, 2020), and Defendant has failed altogether to explain why this evidence is not hearsay or why it should fall under a hearsay exception. The commercial website valuations should thus be excluded from consideration. As to the Appraisal Report, evidence must be authenticated under Federal Rule of Evidence 901 and Plaintiff has failed to submit an affidavit or otherwise provide evidence indicating the report is what he purports it to be. Plaintiff also fails to explain why this evidence is not hearsay or why it should fall under a hearsay exception. *See Burr v. JPMorgan Chase Bank, N.A.*, No. 11-CV-3519, 2012 WL 1016121, at *6 (S.D. Tex. Mar. 23,

---

(finding amended complaint filed after removal—which dropped plaintiff's negligence claim and added a breach of contract claim—could not be considered in subject matter jurisdiction analysis).

[3] At the time of removal on February 5, 2021, the only available information from the Harris County Appraisal District was the January 1, 2020 valuation of $72,886; the January 1, 2021 valuation was still "pending." (*See* Dkt. No. 1-7 at 23.) Sometime after removal, the Harris County Appraisal District listed the January 1, 2021 valuation as $30,250. (Dkt. No. 24 at 11.)

2012). The Appraisal Report should also be excluded from consideration.[4] As to the Harris County Appraisal District's valuations, such public records are excepted from the rules against hearsay under Federal Rule of Evidence 803(8). *See Hearn*, 2013 WL 6079460, at *4. The Court can also take judicial notice of these valuations under Federal Rule of Evidence 201 as a public record not subject to reasonable dispute. *See Kew v. Bank of Am., N.A.*, No. 11-CV-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012). The Harris County Appraisal District's valuations should be considered.

The only evidence before the Court, therefore, is the Harris County Appraisal District's market valuations of $72,886 and $30,250. (*See* Dkt. No. 1-7 at 23; Dkt. No. 24 at 11.) Courts routinely use a county appraisal district's valuation as the only evidence in determining the amount in controversy. *See Herrera Gonzalez v. Cmty. Loan Servicing, LLC*, No. 21-CV-132, 2021 WL 1658522, at *2 (S.D. Tex. Apr. 27, 2021); *McPherson v. Bank of Am., N.A.*, No. 16-CV-3498, 2016 WL 7496741, at *3 (S.D. Tex. Dec. 30, 2016); *Kingman Holdings, L.L.C. v. Everbank*, No. 14-CV-126, 2014 WL 12588343, at *2 (W.D. Tex. Mar. 25, 2014). Accordingly, Defendant has not shown the amount in controversy based on the property value alone exceeded $75,000 at the time of removal.[5]

---

[4] The Court recognizes that, in the context of summary judgment, "materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quotations omitted) (emphasis added). However, the burden is on the proponent to "explain the admissible form that is anticipated." *Carter v. Southstar Mgmt., LLC*, No. 17-CV-727, 2018 WL 5281791, at *3 (S.D. Tex. Oct. 24, 2018) (quotations omitted). To the extent these principles apply in determining the amount in controversy, neither party has met its burden.

[5] The Court would come to the same conclusion even if it considered Defendant's commercial website valuations. *See, e.g.*, *Smith v. Select Portfolio*, No. 14-CV-3328, 2014 WL 5420029, at *2 (N.D. Tex. Oct. 22, 2014) (considering a broker price opinion above $75,000 and a county appraisal valuation below $75,000 and finding defendant did not demonstrate by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum, given that all doubts must be resolved against federal jurisdiction).

Third, Defendant has not shown that damages for negligent misrepresentation would push the amount in controversy over $75,000. Defendant makes only the conclusory assertion that, "given that the[] alleged misrepresentations have persisted for several years, the only reasonable conclusion is Mr. Mosely seeks damages above the $75,000 threshold." (Dkt. No. 21 at 5.) Defendant fails to identify what the damages for negligent misrepresentation might be or why such damages should be added to the property value to determine the amount in controversy. Defendant also fails to provide any authority indicating the Court should use the $72,886 valuation (the available valuation at the time of removal) instead of the $30,250 valuation (the actual valuation at the time of removal) in its calculation. Removal cannot be based on conclusory allegations or the mere possibility that the amount in controversy requirement is met, *see Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995), and Defendant has not shown that damages for negligent misrepresentation cause the amount in controversy to exceed $75,000. *See Transitional Hosps. Corp. of La., Inc. v. Aetna Health, Inc.*, No. 09-CV-6654, 2009 WL 10737497, at *4–5 (E.D. La. Dec. 18, 2009) (finding defendant failed to meet its burden when plaintiff sought $68,270.70 plus attorney's fees and bad faith damages and defendant merely asserted that this "place[d] the amount in controversy well over the $75,000 requirement").

In sum, it is far from clear that the amount in controversy should be measured by the property value, that the property value exceeded $75,000, or that additional damages would push the amount in controversy over $75,000. Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeded $75,000 at the time of removal and thus diversity jurisdiction does not exist.[6]

---

[6] Defendant requests that, should it fail to meet this burden, the Court direct Plaintiff to specify the amount of damages he seeks under Texas Rule of Civil Procedure 47. (Dkt. No. 21 at

## IV. FEDERAL QUESTION JURISDICTION

Defendant asserts that Plaintiff's post-removal affidavit—which states, "I have indicated in the last Qualified Written Request to [Defendant] to validate their accounting" (Dkt. No. 24 at 7–8)—puts at issue its compliance with the Real Estate Settlement Procedures Act ("RESPA") and thus constitutes an "other paper" justifying removal based on federal question jurisdiction. (Dkt. No. 25 at 2.) The Court disagrees.

For federal question jurisdiction to exist, the action must arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint [rule], 'under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). The well-pleaded complaint rule "makes the plaintiff the master of the claim" and allows him to "avoid federal jurisdiction by exclusive reliance on state law" even where both federal and state remedies are available. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "a plaintiff cannot artfully plead around federal question jurisdiction by asserting a state law cause of action in a federally preempted field." *De La Vega v. InternLinc Mortg. Servs., LLC*, No. 20-CV-386, 2020 WL 12918036, at *3 (W.D. Tex. Sept. 18, 2020); *see Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983). Courts may thus, under limited circumstances, look outside the complaint to an "other paper" in determining whether federal question jurisdiction exists to allow removal. *Eggert*, 223 F. App'x at 397; *see* 28 U.S.C. § 1446(b)(3). To establish federal question jurisdiction without conflicting with the well-

---

5.) However, Defendant fails to explain why the Texas Rules of Civil Procedure apply to this case after it has been removed to federal court. Defendant's request should be denied.

pleaded complaint rule, "the other paper must clarify the federal nature of an existing claim and not relate to a putative claim that has not yet been pled." *Am. Home Shield of Tex. v. Texas*, No. 10-CV-808, 2010 WL 1903594, at *3 (S.D. Tex. May 10, 2010) (quotations omitted).

Defendant fails to show that Plaintiff's affidavit establishes federal question jurisdiction as a basis for removal. First, Defendant fails to explain how the affidavit could be intended to clarify the federal nature of Plaintiff's original claims. Defendant's statement that the references to qualified written requests "put at issue" its compliance with RESPA in fact implies that it views the allegations as new. (Dkt. No. 25 at 2.) It is also unlikely that the mere reference to qualified written requests would be sufficient to clarify the intent to pursue a RESPA claim. *See Am. Home Shield of Tex.*, 2010 WL 1903594, at *4–6 (finding references to RESPA in an "other paper" did not demonstrate intent to assert RESPA claims); *see also Evans v. BAC Home Loan Servicing, LP*, No. 16-CV-662, 2016 WL 8189266, at *3 (W.D. La. Oct. 17, 2016) (finding references to qualified written requests in complaint's factual background did not mean plaintiff brought claims under RESPA and finding no federal question jurisdiction existed), *report and recommendation adopted*, 2017 WL 442776 (Jan. 31, 2017). Defendant has not adequately explained how the affidavit clarifies Plaintiff's original intent to bring a federal claim.

Defendant similarly fails to show Plaintiff artfully avoided federal question jurisdiction in his original complaint by asserting a state-law cause of action in a field completely preempted by federal law. "Complete preemption entirely substitutes a federal law cause of action for a state one," and "examples of complete preemption are rare." *Evans*, 2016 WL 8189266, at *3. Courts in the Fifth Circuit consistently hold that RESPA does not completely preempt state law. *See, e.g.*, *De La Vega*, 2020 WL 12918036, at *4; *Evans*, 2016 WL 8189266, at *3; *Reed v. Chase Home Fin., LLC*, No. 09-CV-339, 2010 WL 378116, at *2 (S.D. Miss. Jan. 28, 2010); *Alba v. AMC*

*Mortg. Servs., Inc*, No. 07-CV-3792, 2008 WL 11503569, at *1 (S.D. Tex. Aug. 21, 2008). Courts also consistently hold that similar state-law claims do not necessarily raise a federal issue sufficient to establish federal jurisdiction. *See Brewer v. Compass Bank*, No. 14-CV-705, 2015 WL 7752130, at *4–5 (E.D. Tex. Nov. 6, 2015), *report and recommendation adopted*, 2015 WL 7756127 (Dec. 1, 2015); *Hyde v. USAA Fed. Sav. Bank*, No. 14-CV-4356, 2015 WL 1893149, at *4 (N.D. Tex. Apr. 27, 2015). The affidavit does not provide a basis to invoke federal question jurisdiction.

Second, it would be procedurally improper to allow Defendant to base removal on the affidavit. Defendant did not assert federal question jurisdiction in its notice of removal and did not seek leave to amend its notice once it received the affidavit. *See McGee v. Veterans Land Bd. of Tex.*, No. 17-CV-1423, 2018 WL 1640221, at *4 (N.D. Tex. Apr. 5, 2018) (remanding case when defendant did not assert diversity jurisdiction in notice of removal or timely seek leave to amend its notice of removal upon becoming aware that such jurisdiction existed). Defendant also did not pursue any other course of action that would make it proper to treat the affidavit as an "other paper" invoking federal jurisdiction. *See Morales v. FSI Rest. Dev. Ltd.*, No. 19-CV-593, 2020 WL 1055727, at *4 & n.6 (S.D. Tex. Feb. 12, 2020) (declining to consider a motion filed after removal as "other paper" and noting that defendant could have consented to remand and re-filed its notice of removal based on that motion), *report and recommendation adopted*, 2020 WL 1046820 (Mar. 3, 2020). Any attempt to cure this issue now would be untimely. *See* 28 U.S.C. § 1446(b)(3).

In sum, Defendant fails to establish federal question jurisdiction because the affidavit does not clarify that Plaintiff's original claims are actually federal in nature and because the affidavit

cannot retroactively serve as a basis for removal. The Court, therefore, lacks both federal question and diversity jurisdiction and the case should be remanded.[7]

## V.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (Dkt. No. 22) be **GRANTED** and Plaintiff's Motion to Strike be **GRANTED IN PART** (Dkt. No. 26). The case should be remanded to the 215th Judicial District of Harris County, Texas due to lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on May 4, 2022.

Sam S. Sheldon
United States Magistrate Judge

---

[7] To the extent Plaintiff requests costs under 28 U.S.C. § 1447(c), the request should be denied. *See Butler v. Fitflop USA, LLC*, No. 21-CV-1644, 2022 WL 912690, at *6 (N.D. Tex. Mar. 29, 2022) (denying costs when there was an objectively reasonable basis to remove the case).